IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE SHADUR

| | |
|---|---|
| SHARREN SAKODA, | ) |
| Plaintiff, | ) |
| v. | ) No. 01C 5769 |
| COLLEGE OF LAKE COUNTY, an Illinois not-for-profit corporation, and WILLIAM VARGAS, | ) MAGISTRATE JUDGE ROSEMOND |
| | ) **TRIAL BY JURY DEMANDED** |
| Defendants. | ) |

**DOCKETED**
JUL 27 2001

## COMPLAINT AT LAW

Now comes the Plaintiff, Sharren Sakoda, by her attorneys, Donald J. Kindwald and Jeffrey W. Gott of Moltzen & Kindwald, Ltd., and for her Complaint against Defendants, College of Lake County and William Vargas, states as follows:

### Jurisdiction

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331 in that this matter arises under 42 U.S.C 2000e, et seq.

### Venue

2. Venue is appropriate pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this claim occurred in this District.

### The Parties

3. Sharren Sakoda (Sakoda) is an individual who currently resides in Grayslake, Illinois.

4. College of Lake County is an Illinois not-for-profit corporation with its main campus located in Grayslake, Illinois.

5. William Vargas (Vargas) is a citizen and resident of the State of Illinois, and at all times relevant was employed by the College of Lake County as a tenured faculty member and a supervisor of Sharren Sakoda.

## Facts

6. On or about April 12, 2000 and at all relevant times, Sakoda was a temporary clerical employee working in the Counseling Office at the College of Lake County.

7. On or about April 12, 2000, and at all relevant times, Vargas was employed by the College of Lake County as a faculty member in the Counseling Office.

8. On or about April 12, 2000, and at all relevant times, Vargas was a supervisor to Sakoda.

9. Throughout the course of her employment, Sakoda discharged her employment duties and had an excellent employment performance and work ethic.

10. On or about April 12, 2000, Vargas approached Sakoda from behind as she was working in the Counseling Office, placing his hand on Sakoda's shoulder.

11. On or about April 14, 2000, upon hearing from a co-worker that Vargas was looking for her, Sakoda told Chloe McAllister, another employee of the Counseling Office, that Vargas' conduct made her feel uncomfortable in his presence at her place of employment.

12. On or about April 21, 2000, in an unwarranted and offensive manner, Vargas touched Sakoda's right hand as she operated a computer mouse in a Counseling Center office. Sakoda told Vargas to "back off." Vargas said he guessed he should leave the room. Sakoda responded by abruptly saying "Bye!" to Vargas in order to encourage him to leave.

2

13. On or about June 8, 2000, Vargas told Sakoda that he should take her to dinner. Vargas further told Sakoda he had purchased a new bedroom set, and that he wanted to "test it out" with Sakoda. Vargas then told Sakoda that she would have "hickeys" on her neck, but no one would be able to tell where they were from.

14. On or about June 28, 2000, offered Sakoda a gold, fan-shaped jewelry box. Sakoda declined Vargas' proffered gift.

15. As a result of Sakoda's complaints relevant to Vargas' conduct, Sakoda's work hours were reduced substantially.

15. On January 31, 2001, Sakoda filed Charge No. 210A11651 with the Equal Employment Opportunity Commission (EEOC).

16. On or about May 14, 2001, Sakoda received her "right to sue" letter from the EEOC, a copy of which is attached and incorporated to this Complaint at Law, as Exhibit "A."

## Count I – College of Lake County

16. Sakoda, repeats and incorporates the allegations contained in paragraphs 1 through 15 as though fully set forth in paragraph 16.

17. Sakoda, was subjected to Vargas' unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature.

18. Sakoda, was targeted by Vargas because she is female and Vargas is male.

19. Vargas' conduct towards Sakoda unreasonably interfered with Sakoda's work performance and created an intimidating, hostile, and offensive work environment that seriously affected Sakoda's psychological well being.

20. Vargas was employed by College of Lake County as a supervisor of Sakoda.

3

21. College of Lake County knew, or reasonably should have known of Vargas' offensive conduct directed toward Sakoda.

22. As a result of the conduct of College of Lake County and its employee, Vargas, Sakoda has suffered lost wages and benefits, and has suffered severe emotional distress.

Wherefore, Sakoda demands judgment against the, College of Lake County, in an amount in excess of $1,000,000.00, plus costs.

### Count II – William Vargas

23. Sakoda, repeats and incorporates the allegations contained in paragraphs 1 through 15 as though fully set forth in paragraph 23.

24. Sakoda, was subjected to Vargas' unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature.

25. Sakoda, was targeted by Vargas because she is female and Vargas is male.

26. Vargas' conduct towards Sakoda unreasonably interfered with Sakoda's work performance and created an intimidating, hostile, and offensive work environment that seriously affected Sakoda's psychological well being.

27. Vargas was employed by College of Lake County as a supervisor of Sakoda.

28. As a result of the conduct of College of Lake County and its employee, Vargas, Sakoda has suffered lost wages and benefits, and has suffered severe emotional distress.

4

Wherefore, Sharren Sakoda demands judgment against William Vargas, in an amount in excess of $1,000,000.00, plus costs.

Respectfully submitted,

MOLTZEN & KINDWALD, LTD.

By: _____
Donald J. Kindwald

Donald J. Kindwald - ARDC No. 6203393
Jeffrey W. Gott – ARDC No. 6272304
MOLTZEN & KINDWALD, LTD.
33 North LaSalle Street
Suite 1210
Chicago, Illinois 60602
312. 279.1940

## Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

To: CERTIFIED MAIL NO.: 7099-3400-0006-7310-1530 CP ATTY.   From:

Sharren Sakoda
c/o 33 North LaSalle Street, Suite 1210
Chicago, Illinois 60602

Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661-2511

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210A11651 | Mr. Scott Sommers, Enforcement Supervisor | (312) 886-9117 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ]  The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ]  Respondent employs less than the required number of employees.

[ ]  Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ]  The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]  The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ x ]  The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

[ x ]  **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ]  **Age discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ]  **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

5/10/01

On behalf of the Commission

John P. Rowe, District Director

Enclosures
  Information Sheet
  Copy of Charge
cc: Respondent(s)   College of Lake County/William Vargas

**EXHIBIT A**

EEOC Form 161 (Test 5/95)



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**
JUL 27 2001

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** Sharren Sakoda

**Defendant(s):** College of Lake County, an Illinois not-for-profit corporation, and William Vargas

County of Residence:

County of Residence: Lake

**DOCKETED**
JUL 27 2001

Plaintiff's Atty: Donald J. Kindwald
Moltzen & Kindwald, Ltd.
33 North LaSalle Street, Suite 1210, Chicago, Illinois 60602
(312) 279-1940

Defendant's Atty:

**01C 5769**

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**JUDGE SHADUR**

**III. Citizenship of Principle Parties** (Diversity Cases Only)

Plaintiff: - 1 Citizen of This State
Defendant: - 1 Citizen of This State

**MAGISTRATE JUDGE ROSEMOND**

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 442 Employment

**VI. Cause of Action:** 42 USC 200e - Employment discrimination/sexual harrassment

**VII. Requested in Complaint**
  Class Action:
  Dollar Demand: $1,000,000.00
  Jury Demand: Yes

**VIII.** This case **Is NOT** a refiling of a previously dismissed case. (If yes case number __ by Judge __)

Signature:

Date: 7-25-01

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change

http://www.ilnd.uscourts.gov/_vti_bin/shtml.dll/PUBLIC/Forms/cvcover.htm

7/25/01

NOTE: When the print dialogue box appears, be sure to uncheck the Annotations option.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

Double click on question mark for appearance form instructions

In the Matter of

SHARREN SAKODA,
    Plaintiff,
v.
COLLEGE OF LAKE COUNTY, an Illinois not-for-profit corporation, and WILLIAM VARGAS,
    Defendants.

**DOCKETED JUL 27 2001**

**JUDGE SHADUR**



Case Number: 01C 5769

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

SHARREN SAKODA

MAGISTRATE JUDGE ROSEMOND

| (A) | (B) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: |
| NAME: Donald J. Kindwald, Esq. | NAME: |
| FIRM: Moltzen & Kindwald, Ltd. | FIRM: |
| STREET ADDRESS: 33 North LaSalle Street, Suite 1210 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60602 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 279-1940 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 62003393 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ✓ NO | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES ✓ NO | TRIAL ATTORNEY? YES NO |
| | DESIGNATED AS LOCAL COUNSEL? YES NO |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES NO | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES NO | TRIAL ATTORNEY? YES NO |
| DESIGNATED AS LOCAL COUNSEL? YES NO | DESIGNATED AS LOCAL COUNSEL? YES NO |